60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 James L. BURROWS, Plaintiff-Appellee,
v.
Paul GROSSHEIM and John Ault, Defendants,
Donald Riesselman, Defendant-Appellant.
 No. 94-3912
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1995
Filed: July 3, 1995
 
 Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and MURPHY, Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald Riesselman, the welding supervisor at the Iowa North Central Correctional Facility, appeals from a judgment entered against him after a court trial on an Eighth Amendment claim brought under 42 U.S.C. Sec. 1983 by inmate James Burrows. The district court[1] entered judgment for Burrows in the amount of $300, plus costs and reasonable attorney fees, after rejecting his claim for punitive damages and dismissing claims against other defendants. On appeal Riesselman contests the finding of a constitutional violation. We affirm.
 
 
 2
 This case arises out on an incident that occurred after Riesselman went to look for Burrows to start his work assignment. He found Burrows lying on a snowmobile in the maintenance shed and grabbed him. The nature of the force applied by Riesselman is disputed. Burrows testified at trial that Riesselman approached him from behind, grabbed him by the neck and shoulders, and choked him; this caused him to choke, cough, and have pain and difficulty in breathing. Riesselman testified that after he put his hands on Burrows's shoulders and gently lifted up, Burrows put his own hands to his neck, screamed in mock pain, and complained he was being choked. Inmate Thurman Mills corroborated Burrows's version, but correctional officer Ron Hammen stated that he did not observe any physical contact between Riesselman and Burrows during the time he was in the shed.
 
 
 3
 Burrows reported the incident, and an investigation was conducted by prison treatment director Gerald Burt. After Burrows, Riesselman, Mills, and Hammen were interviewed, Burt concluded that Riesselman had not choked Burrows but that he had violated a number of work rules, including one prohibiting unnecessary or excessive force.
 
 
 4
 Burrows then brought this action. After a one day trial the district court found that Riesselman had choked Burrows, that Burrows had posed no security threat, that Riesselman used force without first issuing a order, and that the force used was excessive as defined in Hudson v. McMillian, 503 U.S. 1 (1992), and Whitley v. Albers, 475 U.S. 312 (1986).
 
 
 5
 The unnecessary and wanton infliction of pain is cruel and unusual punishment forbidden by the Eighth Amendment. Hudson, 503 U.S. at 7. This standard is met if the force is applied "maliciously and sadistically for the very purpose of causing harm." Id. at 6 (quoting Whitley, 475 U.S. at 320-21). Not every malicious push and shove is actionable, only the sort of force " 'repugnant to the conscience of mankind.' " Id. at 9 (quoting Whitley, 475 U.S. at 327). The extent of injury is relevant because it may suggest whether force "could plausibly have been thought necessary." Whitley, 475 U.S. at 321. An excessive force claim must show some actual injury. White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994); Cummings v. Malone, 995 F.2d 817, 822-23 (8th Cir. 1993). The injury need not be significant, however. Hudson, 503 U.S. at 9. Other factors relevant to determining whether force was excessive include the need for force, the relationship between that need and the amount of force used, whether the actor reasonably perceived that the inmate posed a threat, and whether the actor attempted to temper the severity of the force. Id. at 7.
 
 
 6
 Riesselman argues that the force he used was de minimis and that he did not act with malicious intent, applying force only to ensure that Burrows went to work, and that Burrows's "bad attitude" about work made it necessary to go beyond a direct order. The district court found Riesselman used force sufficient to cause Burrows to choke, cough, gasp, and struggle. The district court had the opportunity to judge the credibility of the witnesses, and the evidence supports its findings and was sufficient to show that Burrows suffered significant, if short-lived, pain. White v. Holmes, 21 F.3d 277 (8th Cir. 1994), cited by Riesselman for the proposition that actual injury is necessary for an excessive force claim, does not require that the injury be long lasting or permanent.
 
 
 7
 Application of the Hudson factors supports the result in the district court. There was no evidence that force was necessary. Riesselman did not testify that he believed Burrows posed a threat, and he concedes that he did not order Burrows to begin working before resorting to physical force. Prison investigator Burt, as well as the trial court, found that force was not necessary. Although Riesselman tempered the severity of the force applied by letting go of Burrows, he did not do so until Burrows choked, gasped, and had difficulty breathing. Taken as a whole the record supports the conclusion on page 12 of the district court's Memorandum Opinion and Order that the force was applied in violation of the Whitley standard ("maliciously and sadistically for the very purpose of causing harm." 475 U.S. at 320-21).
 
 
 8
 The judgment of the district court in this fact specific case is therefore affirmed. See 8th Cir. R. 47B.
 
 
 9
 BEAM, Circuit Judge, dissenting.
 
 
 10
 I dissent. Burrows did not even report an incident until several days after the purported occurrence. And, this was clearly not the sort of force "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 10 (1992). Neither was there the "actual injury" required by our cases. White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994).
 
 
 
 [1]
 The Honorable Donald E. O'Brien, Senior United States District Judge for the Northern District of Iowa